## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI, OHIO

| | |
|---|---|
| MONICA JACKSON, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | |
| ) | HON. |
| GENERAL ELECTRIC CORP., ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

General Electric Corporation ("GE") retaliated against Ms. Jackson for filing a race discrimination complaint against GE. GE retaliated by not providing the statutorily-mandated time to sign a settlement agreement, unilaterally took her off payroll, refused to pay her the bonus earned from the prior calendar year, constructively discharged her, then denied her unemployment by providing a false reason for her departure to the unemployment agency. The parties were involved in

1

an action with the Honorable Douglas R. Cole with case numbers 1:19-cv-629 and 1:21-cv-248. A Settlement Conference on November 21, 2022, led to an agreement between the parties to resolve the claims between the parties. Attached to this Complaint are both the "Confidential Settlement Agreement and Release" and the "Confidential Settlement Agreement Material Term Sheet" evidencing the terms and conditions of the resolution. The Defendant breached the agreement by not tendering payment to Plaintiff as stated in the agreement. After many months of delays, Plaintiff informed Defendant that she considered its breach to be material and that she desired to tender back the funds and repudiate the agreement. However, Defendant, through counsel, refused to accept the funds or repudiation. Plaintiff has now filed suit to recover damages for the breach and for a determination that Plaintiff is relieved of any obligations under the purported agreement. She does not seek to reopen the prior litigation.

## JURY DEMAND

COMES NOW Plaintiff and hereby makes her demand for trial by jury.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28. U.S.C. § 1332(a). Plaintiff is a citizen of the State of Ohio. Defendant is a corporation incorporated under the laws of New York, having its principal place of business in the State of

Massachusetts. The amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue of this Court is invoked pursuant to 28 U.S.C. § 1391(b)(1) and (2). Venue is appropriate because Defendant resides within this judicial district and because a substantial part of the events giving rise to the claims occurred within this judicial district.

3. Venue and jurisdiction are further appropriate with this Court as the resolution of the prior actions occurred within this judicial district.

## **PARTIES**

4. Plaintiff Monica F. Jackson is an African American female, age 51. In 1992, she earned a bachelor's degree of Science in finance. In 1997, she received a master's degree of Business Administration in Human Resources. She worked for General Electric ("GE"); including its business segment GE Aviation, for 10 years. During her tenure at GE, she was promoted twice during her initial stint with the company. She received training in the GE Advanced Human Resources Development Course, the GE Manager Development Course and GE Executive Assessments as well as other training. She received a number of GE Awards and commendations related to her performance as well as awards of stock options. She was forced to resign as Senior Human Resources Manager-Diversity at GE Aviation after filing a racial discrimination lawsuit.

5. Defendant GE is a New York Corporation with operations in Ohio. GE's aviation division is among the top aircraft engine suppliers, and offers engines for the majority of commercial aircraft. The aviation division is part of the General Electric conglomerate, which is one of the world's largest corporations. GE is a federal defense contractor with 2018 reported revenues of over $30 billion. At all relevant times GE Aviation was an employer for purposes of 42 U.S.C. §§ 2000e *et seq*.

## STATEMENT OF FACTS

6. In or around 2005, Defendant recruited Ms. Jackson from a successful seven-year career as Senior Human Resources Manager at Procter & Gamble Company. Defendant hired Ms. Jackson as a Human Resources ("HR") Manager at the Lead Professional Band level.

7. Following two promotions, Plaintiff was at the Executive Band when she departed GE in 2011.

8. In 2016, Plaintiff was re-hired at the Senior Professional Band.

9. Plaintiff filed two separate lawsuits with one dealing with discrimination she endured at the hands of the Defendant as well as a second suit for retaliation due to her engaging in the protected activity of initiating a complaint against the Defendant with the EEOC.

10. The parties, via a settlement conference on November 21, 2022, resolved the matter and set about finalizing a settlement agreement outlining each parties duties.

11. Defendant agreed to a financial obligation in consideration for resolving Plaintiff's claims without further litigation.

12. Within the final agreement, Defendant was required to direct deposit the portion of the settlement that constituted W-2 wages to Plaintiff.

13. Even though Defendant was advised that it already had her bank account information from her employment, Plaintiff tendered a canceled check at the conclusion of the settlement conference in November of 2022.

14. In April of 2023, Plaintiff advised Defendant, through counsel, that Plaintiff wanted to tender back the partial settlement funds received because Defendant had breached the agreement by not sending her the balance of the funds owed to her as wages.

15. Despite this, and despite the agreement stating that Defendant had __ days to tender payment, Defendant did not make payment via direct deposit until nearly eight months after the settlement conference, on or about July 17, 2023.[1]

---

[1] Plaintiff has attached the redacted settlement agreement as **Exhibit A** and is requesting that it be filed under seal.

16. Defendant attempted to send the funds via courier to Plaintiff's new job, despite never being told that that was an acceptable method, and Plaintiff was not in town at the time, as she traveled frequently for work.

17. Plaintiff further incurred additional attorney's fees in trying to obtain payment for eight months, and Defendant did not direct deposit the funds until after Plaintiff's counsel advised counsel for Defendant that she considered Defendant to be in breach of the agreement and that she desired to tender back the remainder of the funds.

18. Defendant, through counsel, declined to accept the funds.

19. Further, Defendant issued Plaintiff a W-2 from 2022 for funds that Plaintiff never received, which Defendant has still not received corrected, despites attempts to obtain the same and promises by counsel for Defendant that it was being investigated.

20. Plaintiff now brings its actions to ensure that her rights are protected due to Defendant's material breach of the agreement.

## COUNT I – Breach of Contract

21. Plaintiff hereby reincorporates and restates the preceding paragraphs as if fully restated herein.

22. The agreements referenced in the preceding factual allegations are attached to this complaint.

23. The parties came to an agreement that required electronic payment of the various financial obligations.

24. This obligation directly relates to the manner of delivery of Defendant's primary consideration in the agreement.

25. Defendant clearly failed and repeatedly chose to ignore the requirement to direct deposit Plaintiff's settlement funds to her.

26. Defendant did not pay the balance of the settlement funds until nearly eight months after the settlement agreement was signed, despite the fact that the agreement stated that it would be paid within 30 days.

27. As a proximate result of Defendant's breach, Plaintiff has suffered damages, including additional attorney's fees in trying to obtain the funds for the better part of a year.

## COUNT II – Declaratory Judgment

28. Plaintiff hereby reincorporates and restates the preceding paragraphs as if fully restated herein.

29. The above-described breach is material to the settlement of the prior actions as set forth in this Complaint.

30. Pursuant to Fed. R. Civ. P. 57, Plaintiff seeks declaratory judgment to ensure her rights are protected.

31. Due to Defendant's material breach of the contract, in which it failed to tender full payment for nearly eight months, Plaintiff has the right to repudiate her acceptance of the agreement.

32. Plaintiff asks this court to issue a declaratory judgment that Defendant committed a material breach of the settlement terms and that Plaintiff has no further obligations under the agreement.

### PRAYER FOR RELIEF

1. All damages owed due to the Defendant's material breach of the contract and its failure to fulfill the financial obligations.

2. A declaration that Plaintiff is allowed to engage in the rights afforded to her under both the agreements and basic contract rights.

3. An order granting Ms. Jackson's costs, attorney's fees, and all other legal and equitable, declaratory, and/or injunctive relief to which she is entitled.

Dated: December 18, 2023                         Respectfully Submitted,

/s/ *Sean L. Walton* _____
Sean L. Walton (0088401)
swalton@waltonbrownlaw.com
Walton + Brown, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
(t) 614-636-3476
(f) 614-636-3453


/s/ Carla D. Aikens
Carla D. Aikens, Esq.
Carla D. Aikens, P.L.C.
(Pro Hac Vice Pending)
*Attorneys for Plaintiff*